

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, 7th floor*     973-645-2700
*Newark, New Jersey 07102*

JSG/PL AGR
2018R01043

May 23, 2023

Thomas Ambrosio, Esq.
750 Valley Brook Avenue
Lyndhurst, NJ 07071
201-935-3005

      Re:   <u>Plea Agreement with Jhan Carlos Capellan Maldonado</u>

Dear Mr. Ambrosio:

      This letter sets forth the plea agreement between your client, Jhan Carlos Capellan Maldonado, and the U.S. Attorney's Office for the District of New Jersey ("this Office"). This offer will expire on June 13, 2023, if it is not accepted in writing by that date. If Capellan Maldonado does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

      Conditioned on the understandings specified below, and pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), this Office will accept a guilty plea from Capellan Maldonado to a two-count Superseding Information that charges Capellan Maldonado with: (1) on or about December 27, 2018, with distribution and possession with intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and aiding and abetting the same; and (2) in or about February 2019, with knowingly and intentionally conspiring and agreeing with others to distribute and to possess with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, contrary to 21 U.S.C. § 841(a)(1) and (b)(1)(A), in violation of 21 U.S.C. § 846.

      If Capellan Maldonado enters a guilty plea and is sentenced to between **10 years' and 14 years' imprisonment and 5 years of supervised release** on these charges (the "Stipulated Sentence") and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against

Capellan Maldonado for distributing and possessing with intent to distribute fentanyl on or about December 27, 2018, or for causing the death of a victim, Victim-1, on or about December 27, 2018 as a result of the same, or for (2) conspiring to distribute and possessing with intent to distribute fentanyl in or about February 2019. This is provided that: Capellan Maldonado admits under oath at the time of his guilty plea that the offense conduct charged in Count 1 of the Superseding Information caused the death of Victim-1 on or about December 27, 2018 and that this conduct is taken into account as relevant conduct by the Court at the time of sentencing pursuant to U.S.S.G. §§ 1B1.2(c) and 1B1.3. It is also provided that Capellan Maldonado waives any challenge to his conviction or sentence based upon the venue in which the prosecution for Counts 1 and 2 of the Superseding Information were brought.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Capellan Maldonado even if the applicable statute of limitations period for those charges expires after he signs this agreement, and he agrees not to assert that any such charges are time-barred.

If the Court rejects this plea agreement, Capellan Maldonado may withdraw his guilty plea. Whether or not he does, if the Court rejects this plea agreement, this Office may withdraw from it. If the Court defers a decision to accept the plea agreement until the Court has reviewed the presentence report pursuant to Rule 11(c)(3)(A), Capellan Maldonado will not move to withdraw his guilty plea unless and until the Court rejects the plea agreement.

Sentencing

The violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) to which Capellan Maldonado agrees to plead guilty in Count 1 of the Superseding Information carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) $1,000,000, or (2) twice the gross profits or other proceeds to Capellan Maldonado. Fines imposed by the sentencing judge may be subject to the payment of interest.

The violation of 21 U.S.C. § 846, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), to which Capellan Maldonado agrees to plead guilty in Count 2 of the Superseding Information carries a statutory minimum prison sentence of 10 years and a maximum prison sentence of life and a statutory maximum fine equal to the greatest of: (1) $10,000,000, or (2) twice the gross profits or other proceeds to Capellan Maldonado. Fines imposed by the sentencing judge may be subject to the payment of interest.

Pursuant to Rule 11(c)(1)(C), this Office and Capellan Maldonado agree that a sentence to the Stipulated Sentence is the appropriate disposition of the case. Accordingly, if the Court accepts this plea agreement, the Court must sentence Capellan Maldonado to between 10 and 14 years' imprisonment and 5 years of supervised release.

Further, in addition to imposing any other penalty on Capellan Maldonado, the sentencing judge as part of the sentence:

(1) will order Capellan Maldonado to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) may order Capellan Maldonado to pay restitution pursuant to 18 U.S.C. § 3663, *et seq.*;

(3) must order forfeiture, pursuant to 18 U.S.C. § 853, of, (a) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation, and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation;

(4) may deny Capellan Maldonado certain statutorily defined benefits, pursuant to 21 U.S.C. § 862 and 862a;

(5) pursuant to 18 U.S.C. § 3583 and 21 U.S.C. § 841, may require Capellan Maldonado to serve a term of release of, for Count 1, at least 3 years, and, for Count 2, at least five years, which will begin at the expiration of any term of imprisonment imposed. The terms of supervised release can be imposed to run consecutively. Should Capellan Maldonado be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Capellan Maldonado may be sentenced to not more than 2 years' imprisonment for Count 1 and not more than 5 years' imprisonment for Count 2, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release. The terms of imprisonment for violating supervised release on Counts 1 and 2 may run consecutively.

Forfeiture

As part of his acceptance of responsibility and pursuant to 21 U.S.C. § 853, Capellan Maldonado agrees to forfeit to the United States any and all property constituting or derived from any proceeds the defendant Capellan Maldonado obtained, directly or indirectly, as the result of the violation charged in Counts 1 and 2 of the Superseding Information, and all of the defendant's right, title, and interest in any property in which the defendant has an interest that was used or intended to be used, in any manner or part, to commit, and to facilitate the commission of, the violations charged in Counts 1 and 2 of the Superseding Information.

The defendant further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to the value of the proceeds obtained by the defendant (the "Money Judgment"). The defendant consents to the entry of an order requiring the defendant to pay the Money Judgment, and that such Order will be final as to the defendant prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. Any forfeited money and the net proceeds from the sale of forfeited specific property will be applied to the Money Judgment, in partial satisfaction thereof.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service indicating the defendant's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. The defendant further agrees that the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

Capellan Maldonado waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, Capellan Maldonado consents to the entry of a Consent Judgment of Forfeiture that will be final as to Capellan Maldonado prior to Capellan Maldonado's sentencing. Capellan Maldonado understands that criminal forfeiture pursuant to 21 U.S.C. § 853 is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of Capellan Maldonado's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the

Court may impose upon her in addition to forfeiture. Capellan Maldonado hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Capellan Maldonado by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Capellan Maldonado's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Capellan Maldonado will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

If the Court imposes the Stipulated Sentence, neither party will appeal that sentence. In addition, except as specified in the next paragraph below, and in exchange for the concessions this Office made in entering into this plea agreement, Capellan Maldonado will not challenge by any means his conviction or any component of his sentence. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. The parties agree that this paragraph does not preclude Capellan Maldonado from filing a motion for early termination of supervised release under 18 U.S.C. § 3583(c)(1), but Capellan Maldonado is precluded from filing any direct appeal or collateral challenge to any decision on such motion.

Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(1)   Any proceeding to revoke the term of supervised release.

(2)   A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(3)   An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

(4)   Any claim Capellan Maldonado pursues in an appropriate forum, when permitted by law, that he received constitutionally ineffective assistance of counsel.

Immigration Consequences

Capellan Maldonado understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Capellan Maldonado understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Capellan Maldonado wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Capellan Maldonado understands that he is bound by this guilty

plea regardless of any immigration consequences. Accordingly, Capellan Maldonado waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Capellan Maldonado also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Capellan Maldonado. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No Other Promises

This agreement constitutes the entire plea agreement between Capellan Maldonado and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By: _____
Jason S. Gould
Assistant U.S. Attorney

APPROVED:

_____
R. David Walk, Jr.
Deputy Chief, Criminal Division

I have received this letter from my attorney, Thomas Ambrosio, Esq. I have read it and it has been translated for me into Spanish. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. I understand that this plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and I accept those terms. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_Jhan Capellan_                                   5-24-2023
Jhan Carlos Capellan Maldonado            Date
*Defendant*

I have reviewed and discussed with my client, with the assistance of a Spanish-language interpreter, this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. My client understands that this plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and my client accepts those terms. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_[signature]_                                           5-24-2023
Thomas Ambrosio, Esq.                      Date
*Counsel for Defendant*

## Plea Agreement with Capellan Maldonado
## Schedule A

1. This Office and Elan Capellan Maldonado recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. The version of the Guidelines effective November 1, 2021 applies in this case.

### Count 1: Distribution of Fentanyl

3. The applicable Guideline is U.S.S.G. § 2D1.1. This Guideline carries a Base Offense Level of 30 because between 400 grams and 1.2 kilograms of a mixture and substance containing fentanyl was involved in the offense. U.S.S.G. § 2D1.1(c)(5).

### Count 2: Conspiracy to Distribute Fentanyl

4. The applicable Guideline is U.S.S.G. § 2D1.1. This Guideline carries a Base Offense Level of 30 because between 400 grams and 1.2 kilograms of a mixture and substance containing fentanyl was involved in the offense. U.S.S.G. § 2D1.1(c)(5).

### Grouping

5. Because the offense level is determined largely on the basis of the total quantity of the substance involved, Counts 1 and 2 group together. U.S.S.G. § 3D1.2(d).

6. Accordingly, the total offense level is 32 because between 1.2 kilograms and 4 kilograms of a mixture and substance containing fentanyl was involved in the offenses. U.S.S.G. § 2D1.1(c)(4).

7. As of the date of this letter, Capellan Maldonado has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Capellan Maldonado's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

8. As of the date of this letter, Capellan Maldonado has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Capellan Maldonado's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Capellan Maldonado enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Capellan

Maldonado's acceptance of responsibility has continued through the date of sentencing and Capellan Maldonado therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Capellan Maldonado's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

9. Accordingly, the parties agree that the total Guidelines offense level applicable to Capellan Maldonado is 29 (the "Total Offense Level").